MURDOCK, Justice
(concurring in part and dissenting in part).
I concur in the affirmance of the trial court’s judgment on remand in this case, see Alabama Alcoholic Beverage Control Board v. Henri-Duval Winery, L.L.C., 890 So.2d 70 (Ala.2004), except to the extent that the trial court determined that Henri-Duval Winery, L.L.C., has not been a “prevailing party” for purposes of recovering *1150 an attorney fee pursuant to 42 U.S.C. § 1988. See, e.g., Grier v. Goetz, 421 F.Supp.2d 1061, 1068-69 (M.D.Tenn.2006) (discussing relevant United States Supreme Court precedents); James v. Alabama Coal, for Equity, Inc., 713 So.2d 937, 947 (Ala.1997) (quoting Texas State Teachers’ Ass’n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).
LYONS and WOODALL, JJ., concur.